# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:13CR295.1 |
| | § | |
| ARTURO SANDOVAL, JR. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on March 11, 2014, to determine whether Defendant violated his supervised release. Defendant was represented by James Whalen. The Government was represented by Shamoil Shipchandler.

On June 4, 2008, Defendant was sentenced by the Honorable Jorge A. Solis, United States District Judge, to a sentence of 54 months imprisonment followed by a three-year term of supervised release for the offense of felon in possession of a firearm. Defendant began his term of supervision on April 1, 2011. On December 20, 2013, the case was transferred to the Honorable Marcia A. Crone, United States District Judge.

On February 19, 2014, the U.S. Probation Officer filed a First Amended Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 10). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not associate with any persons engaged in criminal

activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer; (3) Defendant shall not commit another federal, state, or local crime; (4) Defendant shall not unlawfully possess a controlled substance; (5) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (6) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; (7) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; and (8) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) On or about August 24, 2013, Defendant and Roberto Balderas committed the offense of Organized Retail Theft in violation of Texas Penal Code § 31.16. Defendant was stopped by the Plano, Texas, Police Department in response to a theft in progress at Marshall's located at 721 Central Expressway, Plano, Texas. In the trunk of the vehicle Defendant was driving, officers located a black and red duffel bag with a red Michael Kors purse inside bearing a SKU tag indicating a value of $358. Review of the closed circuit television video showed all three suspects were aware of and had participated in the theft. The video showed Roberto Balderas selecting a pink and black bag from the shelf and when he exited the location it appeared to contain merchandise suspected to be men's Converse shoes and/or men's Michael Kors shoes. It is suspected the bag containing this merchandise was handed off to a Hispanic female out in the parking lot. Defendant, Eduardo Alvarado, and Roberto Balderas were interviewed by Officer Rodriguez and subsequently released.

2

As of January 27, 2014, charges remain pending. Additionally, Defendant associated with a person convicted of a felony by associating with Eduardo Alvarado on August 24, 2013, who has previously been convicted of a felony, to wit, Possession of a Firearm by a felon in the United States District Court for the Eastern District of Texas, Docket No. 4:09cr00052-001. Defendant did not have permission from the probation officer to associate with Mr. Alvarado. On October 29, 2013, Defendant was arrested by the McKinney, Texas, Police Department on a warrant for Theft of Property in violation of Texas Penal Code § 31.03, Denton County Criminal Court No. 2, Case No. CR-2013-09148-B. It is alleged on or about July 6, 2013, Defendant and an unidentified male suspect were in Marshall's and placed a basket into a shopping cart. The subjects then placed four Michael Kors purses into the basket. The subjects grabbed the basket with the purses and ran through the back stock room and out the exterior fire door into the parking lot. A Loss Prevention Officer gave chase and the subjects dropped the basket with the purses. The total value of the stolen property was $481.95. On February 11, 2014, the Texas Department of Public Safety and the U.S. Marshal Service executed the arrest warrant in this case at Defendant's residence. Defendant, William Alvarez, and Amanda Guzman were present in the home. In plain view were clothes on hangers, with store tags and theft prevention devices, and tools believed to be used for disabling anti-theft devices such as pliers and sensormatic device used by retailers to remove the anti-theft device. The approximate value of the stolen items recovered from his home is $18,500. As such, it is alleged on February 11, 2014, Defendant committed the offense of Organized Retail Theft in violation of Texas Penal Code § 31.16. Additionally, Defendant associated with a person convicted of a felony by associating with William Alvarez on February 11, 2014, who has previously been convicted of a felony, to wit, Possession of a Controlled Substance in the 199th District Court in

3

Collin County, Texas. Furthermore, Defendant did not have permission from the probation officer to associate with Mr. Alvarez; (2) Additionally, on February 11, 2014, approximately two pounds of marijuana was recovered from a toilet in the home. As such, Defendant committed the offense of Possession of Marijuana in violation of Texas Health and Safety Code § 481.121(a)(b)(3); (3); (3) Defendant failed to notify the U.S. Probation Office within 72 hours of his detention and questioning by law enforcement on August 24, 2013; and (4) On the evening of January 18, 2014, an unannounced home visit was conducted at Defendant's residence located at 1004 White St., McKinney, Texas. Upon arriving at the residence, the offender and two unknown subjects entered Defendant's residence through the front door. The three subjects were also observed entering a storage building through the back yard entrance on the side of the house. While making contact with Defendant in his front yard and at his front door, he was asked if anyone else was in his residence. Defendant stated there was not. He was further asked if anyone was in his storage building, and again he replied "no". He was advised this officer saw him and two individuals enter the storage building. He stated they left and exited out his backyard. Defendant was instructed to show this officer the storage building. The two individuals previously observed by this officer were discovered hiding in the dark inside the storage building. As such, Defendant failed to answer truthfully the probation officer's inquiries. An attempt to identify the two individuals noted above was unsuccessful, as they both fled the area on foot. A plain view search of the storage building was conducted, and immediately upon entering the small room the smell of marijuana was present. Defendant was asked if the two individuals were hiding because they were smoking marijuana in his storage building. Defendant stated "no, they came to my house with the smell of marijuana on

4

them." As such, Defendant associated with persons engaged in criminal activity on January 18, 2014.

At the hearing, Defendant entered a plea of true to allegations 2, 6, 7 and 8. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the March 11, 2014 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with no supervised release to follow. The Court further recommends that Defendant's term of imprisonment be carried out in the Bureau of Prisons facilities located in Seagoville, Texas or Beaumont, Texas, if appropriate.

**SIGNED this 13th day of March, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE